Filed 11/12/15  Grange v. Tran CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| DEBRA LA GRANGE, | B255835 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC522917) |
| v. | |
| TINA TRAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kevin C. Brazile, Judge.  Affirmed.

Seki, Nishimura, & Watase, Bill H. Seki and Andrew C. Pongrancz for Defendant and Appellant.

Debra La Grange, in pro. per., and Jaega A. Haralambus for Plaintiff and Respondent.

_____

**INTRODUCTION**

A successful defendant in an employment discrimination and harassment case files a motion for attorneys' fees, arguing that the plaintiff's employment claims were unreasonable, frivolous, meritless, or vexatious. The court denies the motion. The defendant then files a malicious prosecution action against the plaintiff, who argues in a special motion to strike under Code of Civil Procedure section 425.16 that the prior court's denial of the motion for attorneys' fees in the underlying case implies a finding that the plaintiff had probable cause to bring her employment claims and therefore the doctrine of collateral estoppel bars the subsequent malicious prosecution claim. Under the circumstances of this case, we conclude that collateral estoppel does not apply. We also conclude that the malicious prosecution plaintiff presented sufficient evidence on the element of malice, and that the advice of counsel defense does not preclude the malicious prosecution claim at this stage of the proceedings. Therefore, we affirm the trial court's order denying the special motion to strike the malicious prosecution cause of action.

**FACTUAL AND PROCEDURAL BACKGROUND**

A. *The Tran Sisters Sue Their Employers, and Add La Grange as Doe 3*

Tina Tran (Tran) and her sister Neenah Tran worked for Beyond Blue, Inc. and its principal Harry Haralambus. The Tran sisters, first Neenah in May 2006 and then Tina in February 2007, sued Beyond Blue and Haralambus for various and numerous employment-related torts.

Tran alleged in her complaint that on one occasion in approximately 1996 Haralambus "pushed [her] to the office floor, held her there, lifted up her shirt and bra, and fondled" her, and in 2005 kissed her "on her mouth with his mouth open." Tran alleged that on other occasions Haralambus tried to lift up her blouse and bra, grabbed her hand "and made her rub his erection through his pants," and showed her pictures of

2

naked women on her computer screen and "an e-mail of women, topless, bobbing in the surf after the Thailand tsunami." Tran also alleged that Haralambus "made sexually suggestive verbal comments to [her] throughout her employment," including making comments about the size of her breasts increasing while she was pregnant in 2005, asking to see her breasts, and asking her, "did you f--k last night?" She asserted 13 causes of action: (1) sexual harassment in violation of the Fair Employment and Housing Act (FEHA), (2) sexual discrimination in violation of FEHA, (3) retaliation in violation of FEHA, (4) failure to prevent harassment and discrimination in violation of FEHA, (5) sexual harassment and discrimination in violation of public policy, (6) retaliation in violation of public policy, (7) assault, (8) battery, (9) sexual battery in violation of Civil Code section 1708.5, (10) intentional infliction of emotional distress, (11) violation of the Bane Civil Rights Act, Civil Code section 52.1, (12) violation of the Ralph Civil Rights Act, Civil Code section 51.7, and (13) violation of the Unruh Act, Civil Code section 51. Tran asserted the second, fourth, and sixth causes of action against Beyond Blue, and the first, third, fifth, seventh, eighth, ninth, tenth, eleventh, twelfth, and thirteenth causes of action against both Beyond Blue and Haralambus.

On April 27, 2007 Tran filed an amendment to the complaint substituting Debra La Grange, Haralambus' wife who also worked at the company, as Doe 3.[1] The amendment added La Grange as a defendant to all 13 causes of action. Although none of the causes of action had any specific references to conduct by any of the Doe defendants, several of the causes of action alleged specific conduct by all of the defendants. For example, in her eighth cause of action for battery, Tran alleged that "[d]efendants and their employees engaged in outrageous conduct and an abuse of authority by subjecting Ms. Tran to assault and battery . . . ." In her ninth cause of action for sexual battery, Tran alleged that "[d]efendants . . . subject[ed] Ms. Tran to sexual battery within the meaning

_____

[1]     Tran filed six other Doe amendments adding various entities as defendants.

of Civil Code Section 1708.5," and in her eleventh cause of action for violation of Civil Code section 52.1, Tran alleged that "[d]efendants intimidated Ms. Tran by forcing her to endure physical and verbal sexual harassment with the implied threat that she would lose her job if she did not acquiesce." And in her twelfth cause of action, Tran alleged that "[d]efendants, by their use of violence against Ms. Tran because of Ms. Tran's gender, violated Ms. Tran's right to be free from violence or intimidation as guaranteed by Civil Code section 51.7." Tran also alleged that each of the doe defendants was "responsible in some manner for the occurrences alleged in this Complaint, and that [Tran's] damages as alleged herein were legally and proximately caused by their conduct," and that each of the defendants was the "agent, employee, and/or representative" of the other defendants, acted "within the course and scope of such agency and employment," and acted "with permission, ratification, authorization, and direction of" the other defendants.

B.      *Neenah Tran Prevails, Tina Tran Does Not*

In 2009 the trial court consolidated the two cases, and in 2010 the court tried the consolidated case in a court trial. After taking the matter under submission, the court on August 1, 2011 issued a 57-page statement of decision finding in favor of Neenah Tran on the first, fourth, seventh, and eighth causes of action, against Neenah Tran on the other nine causes of action, and "in favor of each of the defendants and against Tina [Tran] on each cause of action alleged" by her. The court awarded Neenah Tran $2,625 in "economic damages for future psychotherapy" and $20,000 in noneconomic damages.

With respect to Tran's claims against La Grange, the court cited Tran's testimony at trial that La Grange never subjected Tran to sexual harassment and never committed an act of violence against her. The court noted that Tran never complained or spoke to La Grange about sexual harassment, and that La Grange "did not . . . pay or change any term or condition" of Tran's employment and "did not say anything that caused emotional distress." The court stated that Tran testified on cross-examination that she never told La Grange that Haralambus had harassed her, even though La Grange worked 20 feet from

Tran's workspace.  The court concluded that Tran "failed to meet her burden of proving by a preponderance of the evidence any of the causes of action asserted by her against Debra [La Grange]."  The court found "by a preponderance that [La Grange] never subjected [Tran] to sexual harassment, never committed an act of violence on [Tran], never made any threats against [Tran], that [Tran] never complained to [La Grange] about sexual harassment, that [La Grange] did not change [Tran's] salary or any term of [Tran's] employment, [and] that [La Grange] never did or said anything which caused [Tran] emotional distress."  The court found "no factual basis for liability for [La Grange] as to any cause of action asserted by [Tran] in this action."

The court entered judgment on September 28, 2011.  Among other things, the court entered judgment in favor of Beyond Blue, Haralambus, and La Grange and against Tran "on each cause of action alleged" by Tran.  Because there was an order awarding $5,030 in monetary sanctions in favor of Tran and against Beyond Blue and Haralambus, the court included an award to Tran in that amount.

C.       *Neenah Tran Recovers Attorneys' Fees from Her Employer,*
         *Tina Tran's Employer Does Not Recover Attorneys' Fees from Her*

Neenah Tran filed a motion for attorneys' fees pursuant to Government Code section 12965, subdivision (b), which authorizes an award of attorneys' fees to prevailing plaintiffs in FEHA cases.  Neenah Tran argued that she had prevailed on her first cause of action for sexual harassment in violation of FEHA.  Neenah Tran sought $316,495 in attorneys' fees.

La Grange and the other prevailing defendants in Tina Tran's case also filed a motion for attorneys' fees pursuant to Government Code section 12965, subdivision (b).  They argued that Government Code section 12965, subdivision (b), gives the court discretion to award a prevailing defendant in a FEHA case reasonable attorneys' fees and costs when the court finds the action was unreasonable, frivolous, meritless, or vexatious

5

under the standard in *Christiansburg Garment Co. v. EEOC* (1978) 434 U.S. 412.[2] La Grange and the other defendants argued that the "core" of Tran's case was sexual harassment, gender discrimination, and retaliation in violation of FEHA, and that "[t]hese three theories are reflected in Tina Tran's First, Second, and Third Causes of Action respectively." La Grange cited the court's finding in its statement of decision that there was no factual basis for any liability against her, and La Grange argued that Tran only added her as a defendant for tactical reasons "simply to annoy and harass" her husband, Haralambus, and to "cause him marital difficulties to force a settlement." La Grange and the other prevailing defendants stated they incurred a total of approximately $160,000 in attorneys' fees, and suggested an allocation of 50 percent of this amount to each of the two cases.

On April 19, 2012 the court granted Neenah Tran's motion for attorneys' fees and awarded her $143,861.87 in fees, after making an allocation of 25 percent to prosecuting Neenah Tran's claims and 75 percent to prosecuting Tina Tran's claims.[3] The court denied the motion by La Grange and the other prevailing defendants without comment or explanation.

---

[2]    La Grange and the other prevailing defendants relied on *Cummings v. Benco Buildings Services* (1992) 11 Cal.App.4th 1383. In *Williams v. Chino Valley Independent Fire Dist.* (2015) 61 Cal.4th 97 the Supreme Court cited *Cummings* and held that a prevailing defendant in a FEHA case should not recover attorneys' fees "unless the court finds the action was objectively without foundation when brought, or the plaintiff continued to litigate after it clearly became so." (*Id.* at p. 115.)

[3]    The court explained that "the prosecution of plaintiff Tina Tran's claims required substantially greater attorney time than the prosecution of plaintiff Neenah Tran's claims. In substantial part this was due to the much greater period of time over which she claimed she had been harassed and injured and the much greater number of alleged incidents." Division Eight affirmed the order awarding Neenah Tran her attorneys' fees. (See *Tran v. Haralambus* (Sept. 4, 2013, B242575) [nonpub. opn.].)

6

D. *La Grange Files This Action Against Tina Tran, Who Files a Special Motion To Strike*

On September 27, 2013 La Grange, representing herself, filed this action against Tina Tran for malicious prosecution, abuse of process, and intentional infliction of emotional distress. She alleged that after a four-week trial the court in the underlying employment action found in her favor on all 13 causes of action Tran had asserted against her. La Grange alleged that Tran initiated and continued to prosecute her employment action "without reasonable or probable cause in that Tran did not honestly or reasonably believe that La Grange was culpable for the actions alleged" in Tran's complaint. La Grange alleged that Tran brought her into the employment case "in an attempt to bully and/or pressure La Grange, by virtue of the embarrassing subject matter of the Tran Action, to convince the other defendants to the Tran Action, including La Grange's husband, to enter into a cash settlement." La Grange further alleged that the fact Tran "dragged La Grange through over four years of litigation in connection with false allegations that [her] husband sexually assaulted Tran" showed malice on the part of Tran.

On January 17, 2014 Tran filed a special motion to strike La Grange's complaint pursuant to Code of Civil Procedure section 425.16. Tran argued that all three causes of action arose from protected activity and that La Grange could not meet her burden of showing a probability of prevailing on her malicious prosecution cause of action because the trial court, in ruling on La Grange's motion for attorneys' fees, had found that Tran's complaint did not lack probable cause, and therefore the doctrine of collateral estoppel barred her claim. Tran also argued that La Grange could not meet her burden of showing that Tran initiated the underlying action with malice and that Tran's reliance on her

7

attorney's advice in suing La Grange barred La Grange's malicious prosecution claim.[4] Tran stated in her supporting declaration: "La Grange was added as a defendant based on my good faith belief that La Grange had aided and abetted Haralambus' harassment and discrimination, and that she retaliated against me after my allegations of harassment against her husband were made public. In making this determination, I consulted with R. Jeffery Ward, a licensed attorney. I disclosed all of the facts known to me to Mr. Ward and relied upon his advice that my claims against Ms. La Grange were tenable."

          E.       *The Trial Court Strikes Two of La Grange's Three Causes of Action*

The trial court granted Tran's special motion to strike the abuse of process and intentional infliction of emotional distress causes of action but denied the motion to strike the malicious prosecution cause of action. The court ruled that La Grange had submitted sufficient evidence of lack of probable cause (primarily the court's statement of decision in the underlying action) and of malice, and that collateral estoppel and the advice of counsel defense did not apply. The court also overruled Tran's demurrer, which was similarly based on collateral estoppel, to the malicious prosecution claim.

Tran timely appealed. La Grange did not appeal the trial court's order granting Tran's special motion to strike the abuse of process and intentional infliction of emotional distress causes of action.

**DISCUSSION**

"Section 425.16, subdivision (b)(1), provides: 'A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free

---

[4]     Tran also argued that the litigation privilege in Civil Code section 47, subdivision (b), barred La Grange's abuse of process and intentional infliction of emotional distress causes of action.

speech under the United States or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.'  The analysis of an anti-SLAPP motion thus involves two steps.  'First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one "arising from" protected activity.  (§ 425.16, subd. (b)(1).)  If the court finds such a showing has been made, it then must consider whether the plaintiff has demonstrated a probability of prevailing on the claim.'  [Citation.]  'Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute.'  [Citation.]"  (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 819-820; accord, *Decambre v. Rady Children's Hospital-San Diego* (2015) 235 Cal.App.4th 1, 12-13.)  The defendant has the burden of proof on the first issue; the plaintiff has the burden on the second issue.  (*JSJ Ltd. Partnership v. Mehrban* (2012) 205 Cal.App.4th 1512, 1520.)  We review an order denying a special motion to strike under section 425.16 de novo.  (*Finton Construction, Inc. v. Bidna & Keys, APLC* (2015) 238 Cal.App.4th 200, 208; *Southern California Gas Co. v. Flannery* (2014) 232 Cal.App.4th 477, 484.)

La Grange concedes, as she must, that Tran met her burden of showing that La Grange's malicious prosecution cause of action arises from protected activity.  (See *Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 734-735 ["by its terms, section 425.16 potentially may apply to every malicious prosecution action, because every such action arises from an underlying lawsuit, or petition to the judicial branch"]; *S.A. v. Maiden* (2014) 229 Cal.App.4th 27, 35 ["[a] malicious prosecution action arises from protected activity under [section 425.16] because it involves the filing and prosecution of an underlying lawsuit, or petition to the judicial branch, that allegedly was malicious"].)  La Grange argues that she met her burden of showing a probability of prevailing on her malicious prosecution cause of action.

9

"To prevail on a malicious prosecution claim, the plaintiff must show that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination favorable to the plaintiff; (2) was brought without probable cause; and (3) was initiated with malice." (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 292.) Continuing an already-filed lawsuit without probable cause may also be the basis for a malicious prosecution claim. (*Jay v. Mahaffey* (2013) 218 Cal.App.4th 1522, 1539.) Tran does not dispute that La Grange obtained a favorable termination in the underlying action. Tran argues that La Grange did not show a probability of prevailing on the elements of lack of probable cause and malice.

### A. *Collateral Estoppel Does Not Bar La Grange's Malicious Prosecution Claim*

Tran's primary argument is that, by denying La Grange's motion for attorneys' fees, the court "found that Ms. La Grange could not meet the 'unreasonable, frivolous, meritless or vexatious' standard." Tran contends that "the denial of Ms. La Grange's motion for attorney's fees under FEHA already decided the issue of lack of probable cause and found that Ms. La Grange, though the prevailing party, did not show that Ms. Tran's underlying complaint lacked probable cause, and thus cannot show a likelihood of prevailing on the merits" of her malicious prosecution claim. Tran argues that collateral estoppel bars La Grange's claim because the standard for lack of probable cause is higher than the standard for "unreasonable, frivolous, meritless or vexatious" the trial court in the underlying action used in denying La Grange's motion for attorneys' fees under Government Code section 12965, subdivision (b).

Collateral estoppel, or issue preclusion, "prohibits the relitigation of issues argued and decided in a previous case . . . ." (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824.) The doctrine "applies: (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." (*Id.* at p. 825; see *Jackson v.*

10

*Yarbray* (2009) 179 Cal.App.4th 75, 93 ["'the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding'"].)

The court's denial of La Grange's motion for attorneys' fees in the underlying action did not actually and necessarily decide the issue of whether Tran had probable cause to add La Grange as a defendant for at least two reasons. First, only four of Tran's 13 causes of action were for violation of FEHA (the first, second, third, and fourth). Indeed, the only basis for La Grange's motion for attorneys' fees was Tran's FEHA claims (although La Grange argued that the "core" of Tran's case was violation of FEHA). Thus, even if the court's denial of La Grange's motion for attorneys' fees was a final adjudication that Tran's FEHA claims were not unreasonable, frivolous, meritless or vexatious, and even if such an adjudication necessarily means that Tran's FEHA claims did not lack probable cause, the court in the underlying action made no such finding with respect to Tran's nine non-FEHA claims. (See *Crowley v. Katleman* (1994) 8 Cal.4th 666, 679 [to preclude a claim of malicious prosecution, the plaintiff in the underlying action must have probable cause for each cause of action in the complaint]; *Franklin Mint Co. v. Manatt, Phelps & Phillips, LLP* (2010) 184 Cal.App.4th 313, 333 ["[a] claim for malicious prosecution need not be addressed to an entire lawsuit; it may . . . be based upon only some of the causes of action alleged in the underlying lawsuit"]; *Kreeger v. Wanland* (2006) 141 Cal.App.4th 826, 834 ["[a] claim of malicious prosecution may be based on a single *ground* for liability alleged in the complaint that lacks probable cause"].)

Tran asserts that she only went to trial against La Grange on her FEHA claims, and that therefore the "only causes of action[] that resulted in a favorable termination which were tried on the merits were Tran's three causes of action: sexual discrimination, sexual harassment and retaliation under FEHA." The record belies this assertion. La Grange, as Doe 3, was named in all 13 of Tran's causes of action, and there is no evidence that Tran ever dismissed La Grange or any other defendant from any of her causes of action. Tran alleged in the non-FEHA claims that all of the defendants,

11

including La Grange, subjected Tran to sexual assault and battery, physical and verbal harassment, violence, and threats, and that all of the defendants, including La Grange, were responsible for all of the wrongful conduct alleged in the complaint. Moreover, the court's statement of decision and the judgment in the underlying action state that the court was entering judgment in favor of the defendants and against Tina Tran on all of the causes of action she alleged, not just the FEHA causes of action. Citing the trial court's ruling on her special motion to strike, Tran asserts that La Grange conceded "there was dismissal of ten causes of action and only three causes of action (all under FEHA) . . . proceeded to trial," and the "trial court opinion agree[d] that only three causes of action went to trial against [La Grange]." The trial court's ruling, however, at the page cited by Tran, does not say this. What the trial court's ruling says is that, "even if she potentially did not bring the [non-FEHA] causes of action to trial," Tran "at least initially brought these claims against [La Grange] in the underlying action."[5]

Second, even with respect to the FEHA causes of action, the court in the underlying action did not actually or necessarily decide that Tran's claims were not unreasonable, frivolous, meritless or vexatious. The court denied the motion by La Grange and the other prevailing defendants in the underlying case without making any findings or stating any reasons. Moreover, when a prevailing defendant moves for attorneys' fees under Government Code section 12965, subdivision (b), the court has discretion to deny the motion even if the court finds that the plaintiff's FEHA action was unreasonable, frivolous, meritless, or vexatious. (See *Young v. Exxon Mobil Corp.*

---

[5]    Tran argues that in a supplemental post-trial brief she filed in the underlying action she made it clear that she was proceeding against La Grange only on the FEHA causes of action. It is true that on April 15, 2011 Tran filed a supplemental post-trial brief on her various causes of action, and that the document did not list La Grange as a defendant in the non-FEHA causes of action. Tran filed this document, however, over four months after the trial concluded on December 3, 2010. Thus, even under Tran's theory, La Grange was a defendant on all 13 causes of action for over four years, from April 2007 to April 2011.

(2008) 168 Cal.App.4th 1467, 1475, citing *Rosenman v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro* (2001) 91 Cal.App.4th 859, 864.)  Therefore, in denying La Grange's motion for attorneys' fees, the court in the underlying action did not necessarily decide that Tran's claims against La Grange were not unreasonable, frivolous, meritless or vexatious, or by implication that Tran had probable cause to add La Grange as a defendant to all 13 causes of action.

B.      *La Grange Made a Sufficient Showing of Malice*

Tran contends that La Grange did not establish a probability of prevailing on the element of malice.  Tran argues that the trial court erred by ruling that La Grange could infer malice from lack of probable cause and that La Grange did not submit any other evidence "upon which a showing of malice could be made."

"As an element of liability [malice] reflects the core function of the tort, which is to secure compensation for harm inflicted by *misusing* the judicial system, i.e., using it for something other than to enforce legitimate rights and secure remedies to which the claimant may tenably claim an entitlement." (*Drummond v. Desmarais* (2009) 176 Cal.App.4th 439, 452.)  "'[T]he malice required in an action for malicious prosecution is not limited to actual hostility or ill will toward plaintiff but exists when the proceedings are instituted primarily for an improper purpose.'" (*Soukup v. Law Offices of Herbert Hafif*, *supra*, 39 Cal.4th at p. 292; accord, *Kleveland v. Siegel & Wolensky, LLP* (2013) 215 Cal.App.4th 534, 554.)  "'Since parties rarely admit an improper motive, malice is usually proven by circumstantial evidence and inferences drawn from the evidence.'" (*Silas v. Arden* (2012) 213 Cal.App.4th 75, 90.)

Although "lack of probable cause, standing alone, does not support an inference of malice, malice may still be inferred when a party knowingly brings an action without probable cause." (*Swat-Fame, Inc. v. Goldstein* (2002) 101 Cal.App.4th 613, 634, disapproved on another ground, *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 532, fn. 7; see *Jarrow Formulas, Inc. v. LaMarche*, *supra*, 31 Cal.4th at p. 743 ["'[m]erely because

13

the prior action lacked legal tenability, as measured objectively . . . without more, would not logically or reasonably permit the inference that such lack of probable cause was accompanied by the actor's subjective malicious state of mind'"]; *Jay v. Mahaffey*, *supra*, 218 Cal.App.4th at p. 1543 ["lack of probable cause is one factor in determining the presence of malice, but alone it is insufficient"]; *Daniels v. Robbins* (2010) 182 Cal.App.4th 204, 226 "[a]dditional proof of malice can consist of evidence a party *knowingly* brings an action without probable cause"].) A "corollary to this rule" is that "malice can be inferred when a party *continues* to prosecute an action after becoming aware that the action lacks probable cause." (*Daniels v. Robbins*, *supra*, 182 Cal.App.4th at p. 226.)

Here, in addition to lack of probable cause, there is evidence from which malice may be inferred. Tran testified at the trial in the underlying case that La Grange was not involved in any conduct amounting to sexual harassment, retaliation, sexual assault, physical violence, or emotional distress, despite the fact that Tran asserted claims against La Grange based on allegations of that very conduct. In addition, it is a very reasonable inference from the fact that Tran added La Grange as a defendant in a sexual harassment lawsuit against her husband with salacious allegations of infidelity, and continued to prosecute her action against La Grange through trial, that Tran did so knowing she had no factual basis for her claims and for the hostile and improper purpose of disrupting the marriage and creating additional pressure to settle the case on more favorable terms. This inference is particularly strong in light of Tran's testimony, and the court's findings, in the underlying action, that she had no factual basis for any of her allegations against La Grange.[6] Finally, there is some evidence in the record that Tran showed personal

---

[6] As Tran correctly notes, the trial court sustained her objection to the statement in La Grange's declaration in opposition to Tran's special motion to strike that La Grange personally believed Tran added her as a defendant to put pressure on the defendants to settle on terms favorable to Tran in order to "avoid the embarrassment and anguish of dealing" with the allegations of sexual harassment against her husband. Tran's

animosity toward La Grange in the office. Thus, La Grange submitted sufficient circumstantial evidence to "satisf[y] the requirement of a showing of minimal merit to her malicious prosecution claim so as to defeat" Tran's special motion to strike. (*Soukup v. Law Offices of Herbert Hafif*, *supra*, 39 Cal.4th at p. 296; see *Padres L.P. v. Henderson* (2003) 114 Cal.App.4th 495, 522 [circumstantial evidence may "establish a prima facie case of improper motive as an element of [the plaintiff's] malicious prosecution claim[ ]"].)

C.       *Tran's Advice of Counsel Defense Does Not Bar La Grange's Malicious Prosecution Claim as a Matter of Law*

Tran's last argument is that her reliance on the advice of her attorney in the underlying action to name La Grange as a defendant "precludes Ms. La Grange from showing a lack of probable cause" and is a "complete defense" to La Grange's malicious prosecution claim. Tran argues that "[r]eliance upon the advice of counsel, in good faith and after full disclosure of the facts, customarily establishes probable cause."

In ruling on a special motion to strike under Code of Civil Procedure section 425.16, the court may consider whether there are defenses that would defeat the plaintiff's claims as a matter of law. (See *Public Employees' Retirement System v. Moody's Investors Service, Inc.* (2014) 226 Cal.App.4th 643, 674; *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP* (2005) 133 Cal.App.4th 658, 675-676.) For example, in opposition to a special motion to strike, a plaintiff, in order to demonstrate a probability of prevailing, may have to overcome the litigation privilege (see *Flatley v. Mauro* (2006) 39 Cal.4th 299, 323; *Rusheen v. Cohen* (2006) 37 Cal.4th

_____

allegations, however, are in the record, as are the facts that Haralambus and La Grange were married and that Tran had no factual basis for suing La Grange. The inference is reasonable even without evidence of La Grange's personal belief.

1048, 1055) or the statute of limitations (see *Gerbosi v. Gaims, Weil, West & Epstein, LLP* (2011) 193 Cal.App.4th 435, 447).

The defense of advice of counsel can defeat a malicious prosecution claim. (See *Jay v. Mahaffey*, *supra*, 218 Cal.App.4th at p. 1542.) The defense only applies, however, where the defendant makes a full disclosure of all relevant facts, proceeds with probable cause, and acts in good faith. (*Bertero v. National General Corp.* (1974) 13 Cal.3d 43, 53; *Sosinsky v. Grant* (1992) 6 Cal.App.4th 1548, 1556.) The defense does not apply if the defendant "acts in bad faith or withholds from counsel facts he knew or should have known would defeat a cause of action otherwise appearing from the information supplied." (*Bertero v. National General Corp.*, *supra*, 13 Cal.3d at pp. 53-54; accord, *Oviedo v. Windsor Twelve Properties, LLC* (2012) 212 Cal.App.4th 97, 114; *Swat-Fame, Inc. v. Goldstein*, *supra*, 101 Cal.App.4th at p. 630.) In addition, whether the defendant relied on the advice of counsel is generally a question of fact for the jury. (See *George F. Hillenbrand, Inc. v. Insurance Co. of North America* (2002) 104 Cal.App.4th 784, 813; *Weber v. Leuschner* (1966) 240 Cal.App.2d 829, 838.)

Tran's advice of counsel defense does not defeat La Grange's malicious prosecution claim as a matter of law because the defense does not apply to all of the causes of action Tran asserted against La Grange. In her declaration in support of her special motion strike, Tran stated that she added La Grange as a defendant after making the determination, based on her consultation with and in reliance on the advice of her attorney, that La Grange had aided and abetted the acts of discrimination and retaliation by Haralambus and that La Grange had directly retaliated against her. Tran did not state that she consulted with or relied on the advice of her attorney in initiating and continuing to litigate, at least (according to Tran) until trial, her other causes of action, such as her claims of sexual assault and battery, intentional infliction of emotional distress, and violations of Civil Code sections 51, 51.7, and 52.1. Any reliance on whatever advice she received from her attorney is not a defense to La Grange's malicious prosecution claim based on these causes of action.

Moreover, whether the advice of counsel defense applies depends on a fact-specific inquiry into what Tran did and did not disclose to her attorney, including whether she fully and fairly disclosed all of the relevant facts or she withheld evidence that would have defeated her claims against La Grange. Tran's testimony in the underlying action that La Grange was not involved in the conduct that gave rise to Tran's claims, and the court's findings in the underlying action that Tran had no basis for asserting any of her causes of action against La Grange, strongly suggest that Tran did not make a full and fair disclosure to her attorney. And Tran did not submit any evidence that she made such a disclosure. In her declaration in support of her special motion to strike, Tran did not describe any of the facts she disclosed to her attorney, but stated only the general conclusion that she "disclosed all of the facts known" to her. It may be, after Tran waives the attorney-client privilege and discloses the contents of her discussions with her attorney in the underlying action, and allows La Grange to take discovery on those discussions, that Tran will prevail on her advice of counsel defense (assuming she files an answer alleging that affirmative defense). But not as a matter of law on this record.

## DISPOSITION

The order is affirmed. La Grange is to recover her costs on appeal.


SEGAL, J.

We concur:


ZELON, Acting P.J.                    BECKLOFF, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.