[No. C049470. Third Dist. July 25, 2006.]

CHRISTOPHER L. KREEGER et al., Plaintiffs and Respondents, v. DONALD M. WANLAND, JR., et al., Defendants and Appellants.

■■■■■■■■

## COUNSEL

Hansen, Culhane, Kohls, Jones & Sommer, Daniel V. Kohls and Gregory T. Fayard for Defendants and Appellants.

Freidberg & Parker, Edward Freidberg and Alan W. Foutz for Plaintiffs and Respondents.

## OPINION

**HULL, J.**—Defendants, Donald M. Wanland and Law Offices of Wanland & Bernstein (Wanland & Bernstein), appeal from an order of the trial court denying their special motion to strike under the anti-SLAPP (anti-strategic lawsuit against public participation) statute (Code Civ. Proc., § 425.16 (hereafter section 425.16)). They contend plaintiffs, Christopher L. Kreeger and Mastagni, Holstedt & Amick, P.C., the successor to Mastagni, Holstedt, & Chiurazzi, P.C. (Mastagni), failed to satisfy their burden of demonstrating a probability of prevailing on the merits. We disagree and affirm the order.

### FACTS AND PROCEEDINGS

This is the third in a series of lawsuits stemming from a minor automobile accident in 1999. We take judicial notice of our decision from an earlier appeal in one of these actions (*Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi* (Mar. 30, 2004, C042918) [nonpub. opn.] (hereafter C042918)). (Evid. Code, § 452, subd. (c).)

On August 3, 1999, Shannon Mello and Georgia Wanland were involved in an automobile accident. At the time of the accident, Mello was a clerical employee of Mastagni. She reported the accident to Michael Kelly, a Mastagni attorney. Georgia Wanland reported the accident to her husband, Donald Wanland, an attorney with Wanland & Bernstein. (C042918.)

On August 24, 1999, Kelly filed suit on behalf of Mello against Georgia and Donald Wanland (the Wanlands). (*Mello v. Wanland* (Super. Ct. Sacramento County, 1999, No. 99AS04719) (hereafter *Mello v. Wanland*)). The complaint alleged, among other things, that Georgia Wanland caused the accident and that Shannon Mello suffered personal injury and property damage. Because of a concern that Mastagni employees might be required to testify in the case, Christopher Kreeger was later substituted in as counsel for

Mello. (C042918.) The case was submitted to judicial arbitration and, on July 7, 2000, the arbitrator issued an award in favor of Mello. However, the Wanlands rejected the arbitration award and the matter was tried to a jury. The jury found no liability and reached a 9–3 verdict in favor of the Wanlands. (*Ibid.*)

On April 25, 2002, the Wanlands filed a malicious prosecution action against Mastagni, Kelly and Kreeger. (*Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi* (Super. Ct. Sacramento County, 2002, No. 02AS02509)) (hereafter *Wanland v. Mastagni*). The Wanlands were represented in this action by Wanland & Bernstein. Mastagni, Kelly, and Kreeger filed motions to strike the complaint under the anti-SLAPP statute. The trial court granted the motions on August 9, 2002. The court concluded the Wanlands failed to establish a probability of prevailing, because they could not establish a lack of probable cause for the negligence claim in *Mello v. Wanland.* Judgment was thereafter entered for Mastagni, Kelly and Kreeger. (C042918.) The Wanlands appealed. On March 30, 2004, we affirmed the judgment in its entirety. (C042918.)

On October 12, 2004, Mastagni and Kreeger initiated this action against the Wanlands and Wanland & Bernstein for malicious prosecution. The Wanlands and Wanland & Bernstein filed special motions to strike under the anti-SLAPP statute, arguing the Wanlands had a tenable claim against Mastagni and Kreeger for malicious prosecution, because there was no factual basis for several of the claims that had been asserted against the Wanlands in *Mello v. Wanland.* In particular, they asserted the complaint in *Mello v. Wanland* alleged Georgia Wanland employed the operator of the vehicle that collided with the Mello vehicle, Donald Wanland was the operator of the vehicle that collided with the Mello vehicle, and Donald Wanland negligently entrusted the vehicle that collided with the Mello vehicle. Georgia Wanland asserted, in addition, that she is not liable for malicious prosecution because she relied on the advice of counsel in asserting her malicious prosecution claim.

Mastagni and Kreeger opposed the motions to strike, arguing, among other things, the complaint in *Wanland v. Mastagni* alleged malicious prosecution solely on the ground that there was no probable cause to believe Georgia Wanland caused the accident or that Shannon Mello was injured, and not on the ground that other allegations in the complaint in *Mello v. Wanland* lacked merit.

The trial court granted the special motion to strike of Georgia Wanland on the basis of advice of counsel. However, the court denied the motion of Donald Wanland and Wanland & Bernstein. The court concluded that even if these parties could have asserted a claim of malicious prosecution based on other allegations in *Mello v. Wanland*, they pursued a claim based solely on a lack of probable cause to believe Georgia Wanland caused the accident. The court concluded Donald Wanland and Wanland & Bernstein failed to show this limited malicious prosecution claim had merit and, therefore, Mastagni and Kreeger were entitled to pursue their own malicious prosecution claim.

Donald Wanland and Wanland & Bernstein appeal.

## DISCUSSION

### I

### *Introduction*

Due to a "disturbing increase" in lawsuits brought primarily for the purpose of chilling the valid exercise of free speech and petition rights, the so-called strategic lawsuit against public participation (SLAPP), the Legislature enacted section 425.16, the anti-SLAPP statute. (*Annette F. v. Sharon S.* (2004) 119 Cal.App.4th 1146, 1159 [15 Cal.Rptr.3d 100].) It reads: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

Section 425.16 presents a two-step process for determining whether a cause of action is subject to a special motion to strike. First, the court determines if the challenged cause of action arises from protected activity. If the defendant makes such a showing, the burden shifts to the plaintiff to establish, with admissible evidence, a reasonable probability of prevailing on the merits. (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88 [124 Cal.Rptr.2d 530, 52 P.3d 703].) The trial court's ruling on these issues is subject to independent appellate review. (*Seelig v. Infinity Broadcasting Corp.* (2002) 97 Cal.App.4th 798, 807 [119 Cal.Rptr.2d 108].)

## II

### *Reasonable Probability of Prevailing*

It is undisputed that Donald Wanland and Wanland & Bernstein engaged in protected activity when they pursued the Wanlands' malicious prosecution claim in *Wanland v. Mastagni*. Thus, the question presented is whether Mastagni and Kreeger satisfied their burden of establishing a reasonable probability of prevailing on their own malicious prosecution claim.

To meet such a burden, a plaintiff " 'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.' [Citations.] In deciding the question of potential merit, the trial court considers the pleadings and evidentiary submissions of both the plaintiff and the defendant [citation]; though the court does not *weigh* the credibility or comparative probative strength of competing evidence, it should grant the motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim." (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821 [123 Cal.Rptr.2d 19, 50 P.3d 733].) "The burden on the plaintiff is similar to the standard used in determining motions for nonsuit, directed verdict, or summary judgment." (*Kyle v. Carmon* (1999) 71 Cal.App.4th 901, 907 [84 Cal.Rptr.2d 303].) The plaintiff need only establish the challenged cause of action has "minimal merit." (*Navellier v. Sletten, supra,* 29 Cal.4th at p. 94; *id.* at pp. 93–94.)

To establish a claim of malicious prosecution, "a plaintiff must demonstrate 'that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor [citations]; (2) was brought without probable cause [citations]; and (3) was initiated with malice [citations].' " (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 871 [254 Cal.Rptr. 336, 765 P.2d 498].) Where a prior action asserted several grounds for liability, an action for malicious prosecution will lie if any one of those grounds was asserted with malice and without probable cause. (*Bertero v. National General Corp.* (1974) 13 Cal.3d 43, 55–57 [118 Cal.Rptr. 184, 529 P.2d 608].)

Donald Wanland and Wanland & Bernstein contend Mastagni and Kreeger failed to satisfy their burden of establishing a probability of prevailing, because Mastagni and Kreeger did not demonstrate the malicious prosecution claim in *Wanland v. Mastagni* lacked probable cause. They argue Mastagni

and Kreeger asserted several grounds for liability in *Mello v. Wanland*, i.e., negligent operation of the vehicle, ownership of the vehicle, employment of the operator of the vehicle, and negligent entrustment of the vehicle by both Georgia and Donald Wanland, and Mastagni and Kreeger had no probable cause to assert a number of these grounds. In particular, Donald Wanland and Wanland & Bernstein argue there was no probable cause to believe Georgia Wanland employed the operator of the vehicle or Donald Wanland either operated the vehicle or negligently entrusted it to the operator.

■ Mastagni and Kreeger contend the issue whether the Wanlands had probable cause to pursue their malicious prosecution claim was finally decided by this court in our decision on the *Wanland v. Mastagni* appeal and Donald Wanland and Wanland & Bernstein are collaterally estopped to relitigate the issue here. Collateral estoppel bars relitigation of an issue if "(1) the issue decided in a prior adjudication is identical with that presented in the action in question; *and* (2) there was a final judgment on the merits; *and* (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication." (*Clemmer v. Hartford Ins. Co.* (1978) 22 Cal.3d 865, 874 [151 Cal.Rptr. 285, 587 P.2d 1098].) Mastagni and Kreeger contend all three requirements are met here. We disagree.

The issue decided in the appeal of *Wanland v. Mastagni* is not the same as that presented here. In the *Wanland v. Mastagni* appeal, we concluded the Wanlands failed to satisfy their burden of demonstrating a probability of prevailing on their malicious prosecution claim. In particular, the Wanlands failed to establish that Mastagni and Kreeger lacked probable cause to assert a claim that Georgia Wanland was at least partially responsible for the accident. (C042918.)

Here, on the other hand, the issue is not whether Mastagni and Kreeger, in fact, had probable cause to assert a claim of negligence in *Mello v. Wanland*, but whether the Wanlands and Wanland & Bernstein, in their malicious prosecution action, had probable cause to believe Mastagni and Kreeger did not have probable cause. In other words, the question on this appeal is whether the facts known to the Wanlands and Wanland & Bernstein at the time they filed *Wanland v. Mastagni* were sufficient to create a reasonable belief that Mastagni and Kreeger did not have probable cause to pursue *Mello v. Wanland*. Just as the fact a jury found in *Mello v. Wanland* that the Wanlands were not negligent did not preclude a finding in *Wanland v. Mastagni* that Mastagni and Kreeger had probable cause to believe they were, the fact that we concluded in the *Wanland v. Mastagni* appeal that Mastagni and Kreeger had probable cause to assert their claim does not foreclose a

finding in this matter that the Wanlands and Wanland & Bernstein reasonably believed Mastagni and Kreeger did not. The question here does not turn on the actual existence of probable cause to file *Mello v. Wanland*, but on the state of mind of Donald Wanland and Wanland & Bernstein when they filed *Wanland v. Mastagni*. If Mastagni and Kreeger establish that Donald Wanland and Wanland & Bernstein did not have probable cause to believe Mastagni and Kreeger did not have probable cause to file *Mello v. Wanland*, then Mastagni and Kreeger have carried their burden on the instant motion of establishing a reasonable probability of prevailing on the merits of Mastagni and Kreeger's own malicious prosecution claim.

Mastagni and Kreeger next contend the three claims that Donald Wanland and Wanland & Bernstein assert were without probable cause—Donald Wanland operated the vehicle, Georgia Wanland employed the operator of the vehicle, and Donald Wanland negligently entrusted the vehicle—are not separate causes of action but factual allegations. They argue those allegations "are found exclusively in the form section pertaining to the First (Motor Vehicle) cause of action." According to Mastagni and Kreeger, "[t]hese are boilerplate provisions on the Judicial Council Form created to make assertions of fact that if proven, will support liability for the cause of action stated. They are not causes of action unto themselves." (Italics omitted.)

█ The fact that some of the allegations in the complaint in *Mello v. Wanland* appeared in the "form section" of a Judicial Council complaint does not make them any less actionable if asserted with malice and without probable cause. Those allegations need not state a separate cause of action in and of themselves. A claim of malicious prosecution may be based on a single *ground* for liability alleged in the complaint that lacks probable cause. (*Crowley v. Katleman* (1994) 8 Cal.4th 666, 679 [34 Cal.Rptr.2d 386, 881 P.2d 1083].) Even a single cause of action that states several theories of liability will force the defendant to negate each theory to escape liability. Here, for example, if Mastagni and Kreeger failed to prove in *Mello v. Wanland* that Georgia Wanland was the operator of the vehicle at the time of the accident, her liability might still be established by proving she employed the operator, an allegation the Wanlands would have been required to negate.

Mastagni and Kreeger contend in any event that the alternate theories of liability alleged in *Mello v. Wanland* cannot support a finding of probable cause for the malicious prosecution claim in *Wanland v. Mastagni*, because the lack of probable cause for those theories was not alleged as a basis for the Wanlands' malicious prosecution claim. We agree.

The complaint in *Wanland v. Mastagni* contained a single cause of action for malicious prosecution. It alleged: "Defendants' prosecution of the underlying action lacked reasonable and probable cause in regards to the alleged fault of DONALD M. WANLAND, JR. and GEORGIA WANLAND, as well as claimed injuries that Shannon Mello allegedly suffered." It further alleged: "Defendants' actions in prosecuting this suit were malicious in that [Mastagni and Kreeger] were fully informed by DONALD M. WANLAND, JR. and GEORGIA WANLAND that the suit was unmeritorious in that GEORGIA WANLAND had not conducted herself in a negligent manner and that Shannon Mello had caused the accident. Defendants further received unequivocal physical confirmation that the accident was actually caused by Shannon Mello, not GEORGIA WANLAND. Defendants were also aware of another frivolous and malicious action which Shannon Mello had then recently filed against another innocent party, and were aware that Shannon Mello had a felony drug conviction as well. Nonetheless, Defendants maliciously proceeded with the meritless action."

The complaint contains no allegations regarding the alternate theories of liability. This, of course, is not surprising, since those alternate theories were never pursued by Mastagni and Kreeger in *Mello v. Wanland* beyond the bare allegations in the complaint.

The question before us, as discussed above, is whether Mastagni and Kreeger satisfied their burden of demonstrating that Donald Wanland and Wanland & Bernstein lacked probable cause to pursue the Wanlands' malicious prosecution claim in *Wanland v. Mastagni*. The answer to this question necessarily depends upon the nature of the Wanlands' malicious prosecution claim. Donald Wanland and Wanland & Bernstein must have had probable cause to support each theory of liability they pursued in *Wanland v. Mastagni*.

Donald Wanland and Wanland & Bernstein pursued only one theory of liability in *Wanland v. Mastagni*, that Mastagni and Kreeger lacked probable cause to allege Georgia Wanland negligently caused the accident. It was this theory, and this theory alone, that Mastagni and Kreeger were required to negate. If Donald Wanland and Wanland & Bernstein lacked probable cause to pursue this theory, as Mastagni and Kreeger allege, Donald Wanland and Wanland & Bernstein may be held liable for malicious prosecution. This is true even if Donald Wanland and Wanland & Bernstein had other, viable claims that they failed to pursue in their malicious prosecution action.

Arguably, Donald Wanland and Wanland & Bernstein may have had a cognizable claim for malicious prosecution at the time they filed the complaint in *Wanland v. Mastagni*. However, as Donald Wanland and Wanland & Bernstein readily acknowledge, they failed to assert it.

■ The question here is whether the claim Donald Wanland and Wanland & Bernstein did assert lacked probable cause. We conclude, as did the trial court, that Mastagni and Kreeger satisfied their burden of establishing a probability of prevailing on this issue. That is, the parade of pleadings in these actions and their underlying facts as set forth in the motions, demonstrate that Mastagni and Kreeger will probably be able to establish that Donald Wanland and Wanland & Bernstein, at the time of filing *Wanland v. Mastagni*, did not have probable cause to believe Mastagni and Kreeger did not have probable cause to believe the Wanlands were liable in *Mello v. Wanland*. The special motion to strike was properly denied.

III

*Sanctions*

■ Mastagni and Kreeger contend they are entitled to sanctions for a frivolous appeal. Code of Civil Procedure section 907 provides: "When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just." California Rules of Court, rule 27(e) also authorizes sanctions for a frivolous appeal. "[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].)

Although we reject the contentions of Donald Wanland and Wanland & Bernstein on appeal, we do not find that any reasonable attorney would agree the appeal was totally and completely without merit. The request for sanctions is therefore denied.

## DISPOSITION

The judgment (order) denying the special motion to strike of Donald Wanland and Wanland & Bernstein is affirmed. Mastagni and Kreeger are awarded their costs on appeal.

Blease, Acting P. J., and Davis, J., concurred.

Appellants' petition for review by the Supreme Court was denied October 11, 2006, S146364.