Filed 1/28/21  Nor-Cal Seafood, Inc. v. Stephen Danz & Associates, P.C. CA1/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| NOR-CAL SEAFOOD, INC., <br> Plaintiff and Respondent, <br> v. <br> STEPHEN DANZ & ASSOCIATES, P.C. <br> Defendant and Appellant. | A156617 <br><br> (Alameda County <br> Super. Ct. No. RG18917349) |

A long-time employee at a seafood company sued his former employer for wrongful termination and related discrimination claims after he was fired.  The employee's lawsuit ended in summary judgment in favor of the employer.  The former employer then filed a separate malicious prosecution action against the employee, as well as the two law firms and an attorney from one of those firms that had represented the employee in the underlying employment lawsuit.  That set in motion an eventual special motion to strike under the anti-SLAPP statute,[1] filed by one of the law firm defendants

---

[1] Code of Civil Procedure section 425.16.  Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

1

(Stephen Danz & Associates, P.C. (SDA)).  When the trial court denied the special motion to strike, SDA filed this appeal.  We shall affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

From 2001 to 2016, Kevin Wilson worked at Nor-Cal Seafood, first as a seafood delivery truck driver and then later as a manager in charge of truck scheduling and product quality control.  In May 2015, Wilson had a heart attack at work and was flown to a hospital.  Wilson returned to work two days after his heart attack.  Upon his return to work, Wilson stated that he was warned by his boss that if Wilson "couldn't do [his] job that they would find someone that could."

It is undisputed that Wilson was terminated by Nor-Cal Seafood approximately one year later, in May 2016, while he was on a trip to Mexico.  According to Wilson, however, his boss said that Wilson was fired "because of [his] heart attack and [his] age," which made him "too slow to do [his] job."

It is also undisputed that Wilson filed a workers' compensation claim in July 2016.  But according to Wilson, he did not file a claim sooner because he was initially misled by his boss into believing that Nor-Cal Seafood did not have workers' compensation insurance.

A.  **Wilson's Employment Complaint**

In April 2017, Wilson filed a complaint against Nor-Cal Seafood asserting seven causes of action:  (1) disability and medical condition discrimination; (2) age discrimination; (3) retaliation; (4) hostile work environment; (5) wrongful discharge in violation of public policy; (6) intentional infliction of emotional distress; and (7) unfair competition.  The complaint alleged that Wilson's disability, medical condition, age, and workers' compensation claim were the motivating factors for his termination.

2

The complaint identified SDA and Appellate Law Group (ALG) as attorneys for Wilson, and it was signed by ALG attorney Dwight Cooper.

In September 2017, Wilson responded to form interrogatories propounded by Nor-Cal Seafood. Among other things, the responses established that Wilson was terminated on April 25, 2016, and filed a workers' compensation claim on July 27, 2016. The responses again identified SDA and ALG as attorneys for Wilson, and were signed by Cooper.

In March 2018, Wilson testified at a deposition. Cooper and another ALG attorney entered appearances on his behalf. Wilson testified that he filed a workers' compensation claim after he was terminated.

Nor-Cal Seafood filed a motion for summary adjudication. In June 2018, the trial court granted the motion as to all causes of action, and judgment was entered for Nor-Cal Seafood against Wilson.

B.    **Nor-Cal Seafood's Malicious Prosecution Complaint**

In August 2018, Nor-Cal Seafood filed a malicious prosecution complaint naming SDA, ALG, Cooper, and Wilson as defendants.[2] The complaint alleged that "[n]o reasonable person in Defendants' circumstances would have believed that there were reasonable grounds to bring the lawsuit against [Nor-Cal Seafood]" and that "Defendants acted primarily for a purpose other than succeeding on the merits of the claim." It alleged, for example, that Wilson's retaliation claim was not viable from the outset because although Wilson asserted that Nor-Cal Seafood had retaliated by terminating him for filing a workers' compensation claim, he did not file that claim until after he was fired.

---

[2] Defendants ALG, Cooper, and Wilson are not parties to this appeal.

3

SDA filed a special motion to strike the malicious prosecution complaint under the anti-SLAPP statute. SDA argued that Nor-Cal Seafood could not demonstrate a probability of prevailing on its malicious prosecution claim as to SDA.

The trial court denied SDA's special motion to strike in a lengthy written decision, explaining in detail how Nor-Cal Seafood "has shown a probability that it will prevail on the merits of its malicious prosecution claim against SDA." First, the trial court found that Wilson's employment complaint was resolved in Nor-Cal Seafood's favor when its motion for summary adjudication was granted. Second, the trial court found that Nor-Cal Seafood "demonstrated that there is minimal merit to its claims that SDA continued prosecuting many of the claims in the underlying action without probable cause." As to Wilson's retaliation claim, the trial court explained that the claim "only alleged retaliation based on the filing of the workers' compensation claim," but Wilson's interrogatory responses and subsequent deposition testimony made clear that the claim was not filed until after the termination. Third, the trial court found that Nor-Cal Seafood demonstrated minimal merit to satisfy the malice element of its malicious prosecution claim because "there is sufficient evidence that one could infer that SDA knew that the claims lacked probable cause, including its client's testimony, the interrogatory responses it prepared for its client, and the deficient allegations in the complaint."

## DISCUSSION

### I. Standard of Review

The anti-SLAPP statute is "designed to protect defendants from meritless lawsuits that might chill the exercise of their rights to speak and petition on matters of public concern." (*Wilson v. Cable News Network, Inc.*

4

(2019) 7 Cal.5th 871, 883–884.) A defendant may thus file a special motion to strike claims "arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." (§ 425.16, subd. (b)(1).)

Resolution of a special motion to strike requires the court to engage in the now familiar two-step process. "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity." (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.) If the court finds a showing has been made under the first step, "it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim." (*Ibid.*) We review a trial court's order denying an anti-SLAPP motion de novo. (*Robles v. Chalilpoyil* (2010) 181 Cal.App.4th 566, 573.)

## II.    First Step:  Protected Activity

The first step of the anti-SLAPP analysis requires us to decide whether Nor-Cal Seafood's malicious prosecution claim arises from protected activity. Here, there is no dispute that SDA's initiation of Wilson's employment complaint is protected activity. (See *Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 735.)

## III.    Second Step:  Probability of Prevailing

The second step of the anti-SLAPP analysis requires us to decide whether Nor-Cal Seafood has demonstrated a probability of prevailing on its malicious prosecution claim. This determination follows a "summary-judgment-like procedure." (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 192.) We "consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based."

5

(§ 425.16, subd. (b)(2).) Looking at those affidavits, "[w]e do not weigh credibility, nor do we evaluate the weight of the evidence. Instead, we accept as true all evidence favorable to the plaintiff and assess the defendant's evidence only to determine if it defeats the plaintiff's submission as a matter of law." (*Overstock.com, Inc. v. Gradient Analytics, Inc.* (2007) 151 Cal.App.4th 688, 699–700.) That is the framework in which we determine whether Nor-Cal Seafood has met its required showing, a showing that is "not high." (*Id.* at p. 699.)

To establish a malicious prosecution claim, Nor-Cal Seafood must plead and prove that Wilson's employment complaint was (1) commenced by or at the direction of SDA and pursued to a legal termination in Nor-Cal Seafood's favor; (2) brought without probable cause; and (3) initiated with malice. (*Bertero v. National General Corp.* (1974) 13 Cal.3d 43, 50 (*Bertero*).)

While its burden may not be "high," Nor-Cal Seafood must demonstrate that its malicious prosecution claim is legally sufficient and supported by a sufficient prima facie showing. (*Hecimovich v. Encinal School Parent Teacher Organization* (2012) 203 Cal.App.4th 450, 469.) SDA does not dispute the legal sufficiency of Nor-Cal Seafood's malicious prosecution claim, and while Nor-Cal Seafood titled its cause of action as "wrongful use of civil proceedings," we conclude that the complaint sufficiently alleges the three required elements of a malicious prosecution claim. (See *Olivares v. Pineda* (2019) 40 Cal.App.5th 343, 353, fn. 6 [explaining that the legal sufficiency threshold is about the adequacy of the allegations supporting the challenged causes of action].)

This appeal focuses on whether Nor-Cal Seafood met its burden to demonstrate a probability that it would prevail on those three elements, supported by a sufficient prima facie showing made with "competent and

admissible evidence." (*Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.* (2003) 106 Cal.App.4th 1219, 1236.) Here, there is no dispute that Nor-Cal Seafood obtained a favorable termination through its motion for summary adjudication. (*Sierra Club Foundation v. Graham* (1999) 72 Cal.App.4th 1135, 1149–1150 [explaining that a termination is considered favorable where the court grants summary judgment based on insufficient evidence to establish a triable issue of fact].) We thus address the elements of probable cause and malice.

## A. *Lack of Probable Cause*

SDA argues that Nor-Cal Seafood failed to demonstrate a likelihood of prevailing on the lack of probable cause element because each of the causes of action in Wilson's employment complaint was legally tenable.

"An action is deemed to have been pursued without probable cause if it was not legally tenable when viewed in an objective manner as of the time the action was initiated or while it was being prosecuted." (*Sycamore Ridge Apartments, LLC v. Naumann* (2007) 157 Cal.App.4th 1385, 1402 (*Sycamore Ridge*).) "Only those actions that ' "any reasonable attorney would agree [are] totally and completely without merit" ' may form the basis for a malicious prosecution suit." (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 817, quoting *Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 885 (*Sheldon Appel*).)

"Where there is no dispute as to the facts upon which an attorney acted in filing the prior action, the question of whether there was probable cause to institute that action is purely legal." (*Ross v. Kish* (2006) 145 Cal.App.4th 188, 202.) "The resolution of that question of law calls for the application of an *objective* standard to the facts on which the defendant acted." (*Sheldon Appel, supra,* 47 Cal.3d at p. 878.) "On the other hand, when there is a

7

dispute as to the state of the defendant's knowledge and the existence of probable cause turns on resolution of that dispute, there becomes a fact question that must be resolved before the court can determine the legal question of probable cause." (*Medley Capital Corp. v. Security National Guaranty, Inc.* (2017) 17 Cal.App.5th 33, 48 (*Medley Capital*).)

Probable cause "must exist for every cause of action advanced in the underlying action. '[A]n action for malicious prosecution lies when but one of [the] alternate theories of recovery is maliciously asserted . . . .' " (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 292 (*Soukup*), quoting *Bertero*, *supra*, 13 Cal.3d at p. 57, fn. 5.) Accordingly, Nor-Cal Seafood need only demonstrate a likelihood of prevailing on its claim that SDA lacked probable cause for *one* of the causes of action alleged in Wilson's employment complaint.

We turn first to Wilson's retaliation claim, which contained the following barebone allegations: (1) Wilson filed a workers' compensation claim; (2) Nor-Cal Seafood terminated Wilson; and (3) the "workers compensation claim was protected activity and the motivating factor for [Nor-Cal Seafood's] decision to terminate [Wilson]." In stark contrast to these allegations, Wilson's interrogatory responses and deposition testimony indicated that Wilson did not file a workers' compensation claim until *after* he was terminated.

We find *Sycamore Ridge* instructive here. In that case, a landlord brought a malicious prosecution action against a former tenant and the tenant's attorneys (including those who filed the underlying action and those who later associated as counsel). (*Sycamore Ridge*, *supra*, 157 Cal.App.4th at pp. 1390–1391.) The attorney defendants filed special motions to strike. (*Id.* at p. 1395.) The appellate court determined that the landlord had made a

8

prima facie showing that the attorneys lacked probable cause to support at least some of the 18 causes of action alleged on their client's behalf. (*Id.* at p. 1403.) The landlord presented evidence that the attorney defendants had provided interrogatory responses from their client stating she had suffered no compensable personal injuries and no property loss. (*Id.* at p. 1408.) The attorneys later provided a statement of damages asserting that their client had suffered more than $22,000 in compensatory damages and an additional $50,000 in punitive damages, and continued to press the litigation for 10 more months, despite knowing that their client's claims had no basis in fact. (*Ibid.*) The appellate court determined that the landlord had met its burden on the element of probable cause as to the attorneys who had filed the underlying action and the attorneys who had associated into the case. (*Id.* at p. 1409.) The court explained: "Before agreeing to become attorney of record in a pending case, an attorney should, at a minimum, be familiar with the client's claims and should have made a preliminary determination whether probable cause exists to support the asserted claims or defenses." (*Id.* at p. 1407.) The court concluded that associated counsel either knew or should have known the significant deficiencies in their client's claims, but did not take immediate steps to dismiss the meritless claims. (*Ibid.*)

So too here. Wilson's retaliation claim was based on the allegation that Nor-Cal retaliated by terminating him for filing a workers' compensation claim, but the September 2017 interrogatory responses provided by SDA and ALG confirmed that the workers' compensation claim was filed after Wilson was fired. As Wilson's attorneys of record, SDA knew or should have known that the retaliation claim was fatally flawed. Nevertheless, SDA continued litigating this claim for 10 more months after presenting Wilson's September

9

2017 interrogatory responses, until the trial court granted Nor-Cal Seafood's summary adjudication motion in June 2018.

SDA offers two arguments that, despite the interrogatory responses and Wilson's confirmatory deposition testimony, it had probable cause to litigate the retaliation claim. First, SDA argues that "the complaint's reference to Wilson's worker's compensation claim can be construed to include his inquiry about coverage." We disagree. "[U]npled hidden theories of liability are [in]sufficient to create probable cause." (*Jay v. Mahaffey* (2013) 218 Cal.App.4th 1522, 1542 (*Jay*).) Wilson's employment complaint could not be clearer. It alleges that his "workers compensation claim was protected activity and the motivating factor" for the termination, *not* Wilson's inquiry to his boss about whether Nor-Cal Seafood had insurance.

Second, SDA argues that "the Complaint could have ben [*sic*] amended to conform" to facts "developed" in Wilson's deposition. But there is no evidence that SDA took any steps to amend, either after the September 2017 interrogatories or after the March 2018 deposition. (See *Jay*, *supra*, 218 Cal.App.4th at p. 1542 ["[C]itations to cases regarding the permissibility of liberal amendments are simply misplaced here, because at no time did defendants amend or seek to amend their second cross-complaint"].) Instead, SDA proceeded to press the claim until it was ultimately disposed of through summary adjudication in June 2018.

In sum, we agree with the trial court that Nor-Cal Seafood demonstrated a probability of prevailing on its claim that SDA continued to litigate the retaliation claim without probable cause. As Nor-Cal Seafood has met its burden on lack of probable cause on the cause of action for retaliation, we need not address Nor-Cal Seafood's additional probable cause challenges to other causes of action in Wilson's employment complaint.

10

## B. *Malice*

SDA argues that Nor-Cal Seafood failed to demonstrate a likelihood of prevailing on the malice element. SDA contends that it did not bring Wilson's employment complaint with malice, and the trial court improperly relied on its lack of probable cause finding and the outcome of the summary adjudication motion to support its finding on malice.[3]

The element of malice goes to a defendant's subjective intent in initiating or continuing the prior action. (*Medley Capital, supra*, 17 Cal.App.5th at p. 48.) " 'The motive of the defendant must have been something other than that of bringing a perceived guilty person to justice or the satisfaction in a civil action of some personal or financial purpose.' " (*Soukup, supra*, 39 Cal.4th at p. 292.) However, malice is not limited to actual hostility or ill will; it may also be present when proceedings are instituted or maintained primarily for an improper purpose. (*Ibid.*)

"Malice cannot be established simply by a showing of the absence of probable cause, although the fact that the prior suit was objectively untenable is a *factor* that may be considered on the issue of malice." (*Paulus v. Bob Lynch Ford, Inc.* (2006) 139 Cal.App.4th 659, 675.) To establish malice, a lack of probable cause must be "supplemented with proof that the prior case was instituted largely for an improper purpose." (*Cole v. Patricia A. Meyer & Associates, APC* (2012) 206 Cal.App.4th 1095, 1114.) This supplemental proof may consist of evidence that the prior case was "*knowingly* brought without probable cause . . . ." (*Ibid.*, italics added.)

---

[3] We reject Nor-Cal Seafood's contention that SDA has forfeited this argument because its opening brief on appeal has only "scant and confusing legal argument." While we ultimately are not persuaded by SDA's argument, it is not forfeited. (Cal. Rules of Court, rule 8.204(a)(1).)

"Where a prior action asserted several grounds for liability, an action for malicious prosecution will lie if any one of those grounds was asserted with malice and without probable cause." (*Kreeger v. Wanland* (2006) 141 Cal.App.4th 826, 832, citing *Bertero, supra*, 13 Cal.3d at pp. 55–57.) Accordingly, if Nor-Cal Seafood demonstrates a likelihood of prevailing on the malice element in continuing to litigate even one of the causes of action alleged in Wilson's employment complaint, the order denying the special motion to strike will be affirmed.

We first look to Wilson's retaliation claim, and again find *Sycamore Ridge* on point. In *Sycamore Ridge*, the appellate court concluded that the landlord had made a sufficient showing of malice because "it was clear after [the attorneys] prepared and served interrogatory responses that there was no basis for the majority of [the client's] claims." (*Sycamore Ridge, supra*, 157 Cal.App.4th at p. 1408.) As for the associated counsel, the appellate court concluded that malicious intent could be inferred where they either "knew the relevant facts and did not take immediate steps to dismiss [the client's] unmeritorious claims," or "were not aware of the relevant facts because they failed to adequately familiarize themselves with the case[.]" (*Id.* at p. 1409.)

As in *Sycamore Ridge*, the September 2017 interrogatories presented by SDA here and the March 2018 deposition testimony by Wilson made clear that there was no basis for the retaliation claim alleged in Wilson's employment complaint. We can thus infer malice as to SDA because it either knew that there was no basis for the retaliation claim and continued to litigate for 10 months without taking any steps to amend or dismiss the claim, or was not aware because it was not sufficiently familiar with the facts of the case. (*Sycamore Ridge, supra*, 157 Cal.App.4th at p. 1408.) Contrary to SDA's contention, the trial court did not improperly rely on its probable

12

cause finding or the outcome of the summary adjudication motion, but correctly concluded that the interrogatories and deposition testimony supported the inference that SDA knew it was continuing to litigate a claim that lacked probable cause.

On this record, Nor-Cal Seafood demonstrated a probability of prevailing on its claim that SDA's intent in continuing to litigate the retaliation claim was malicious. As Nor-Cal Seafood has met its burden on malice on the cause of action for retaliation, we need not address Nor-Cal Seafood's additional arguments regarding SDA's malicious intent.

In sum, we conclude that Nor-Cal Seafood met its burden on the three elements of its malicious prosecution claim, sufficient to defeat SDA's special motion to strike.

## DISPOSITION

The judgment is affirmed. Plaintiff Nor-Cal Seafood is entitled to its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

_____

Miller, J.

WE CONCUR:


_____

Kline, P.J.


_____

Stewart, J.


A156617, *Nor-Cal Seafood, Inc. v. Stephen Danz & Associates, P.C.*